UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | * | Case No. 2:20-cv-2218 Watson, J. |
| | * | Deavers, C.M.J. |
| *Plaintiffs,* | * | |
| v. | * | |
| **FREEDOM CONSTRUCTION ENTERPRISES, INC.,** | * | **MOTION FOR DEFAULT JUDGMENT** |
| *Defendant.* | * | |

The Clerk entered default against Defendant Freedom Construction Enterprises, Inc. on October 16, 2020. (Doc. 11 at PageID# 33, Entry of Default.) Plaintiffs now move this Honorable Court for a Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for following amounts:

| | |
|---|---|
| Delinquent Contributions | $7,635.40 |
| Liquidated Damages | $25,889.06 |
| Interest | $5,458.55 |
| Attorney's Fees | $3,235.00 |
| Court Costs | $427.62 |
| **Total** | **$42,645.63** |

A memorandum in support is attached.

Respectfully submitted,

MANGANO LAW OFFICES CO., LPA

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888/ F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiffs*

1

**MEMORANDUM IN SUPPORT**

**I.  STATEMENT OF FACTS**

Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund – and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust ("Plans").  (Ex. 1, Gaston Dec. at ¶ 3.)  The Plans are multiemployer plans and are collectively known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081.  (*Id.* at ¶ 4.)  The Plans also collect contributions on behalf of three national labor-management cooperative trusts referred to as the LIUNA Tri-Funds.  (*Id.* at ¶ 5.)

Defendant Freedom Construction Enterprises, Inc. ("Defendant") maintains its principal place of business in Muskingum County, Ohio.  Defendant is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7).  (*Id.* at ¶ 6.)  Laborers' District Council of Ohio and its local affiliates are labor organizations affiliated with the Laborers' International Union of North America ("Union").  (*Id.* at ¶ 7.)  Defendant entered into various collective bargaining agreements with the Union referred to as the Ohio Highway Heavy Municipal Utility State Construction Agreement between Laborers' District Council of Ohio and the Labor Relations Division of the Ohio Contractors Association ("Agreements").  (*Id.* at. ¶ 8.)  Defendant was at

all times relevant bound to the Agreements, and by virtue of executing it, the Declarations of Trust establishing the Plans and the LIUNA Tri-Funds. (*Id*. at ¶ 9.)

The Agreements, the Declarations of Trust, and the Plans (collectively the "Governing Documents") obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans and the LIUNA Tri-Funds on behalf of all persons as defined in the Agreement. (*Id*. at ¶ 10.)  The Governing Documents authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages where an employer like Defendant fails to timely remit required contributions and deductions.  (*Id*. at ¶ 11.)

Defendant employed laborers who performed work covered by the Agreement.  (*Id*. at ¶ 12.) The Agreements require Defendant to pay contributions at specified rates on behalf of its employees for each hour worked in covered employment.  (*Id.*)  All contributions are due the 15th day of the month following the month in which employees performed work in covered employment. (*Id*.)

Defendant failed to make contributions timely to the Plans for the months of March 2018 through December 2019, as required by the Agreements entered into by Defendant and pursuant to the Trust Agreements covering the various Plans.  (*Id*. at ¶ 13.) Under such circumstances, the Agreements adopted by Defendant provide for unconditional assessment of liquidated damages in the amount of 10% of the late principal contributions, plus 1% per month on late contributions.  (*Id*. at ¶ 14.)

Defendant failed to make contributions timely in approximately 17 months between March 2018 and December 2019 in the grand total amount of $268,471.79, some of which remains due and owing.  (Ex. 1, Gaston Dec. at ¶ 15.)  Currently, delinquent contributions,

liquidated damages, and interest are due from Defendant as follows: $7,635.40 in delinquent contributions, $25,889.06 in liquidated damages, $5,458.55 in interest through February 1, 2021, plus attorney's fees and court costs as allowed by the Court. (*Id*. at ¶¶ 13, 17, 18.)

## II. ARGUMENT

### A. *Defendant Breached the Agreements When It Failed to Pay Fringe Benefit Contributions to the Plan in a Timely Manner.*

The Agreements required Defendant to pay contributions to the Plans by the 15th day of the month, following the month its employees performed work. (Ex. 1, Gaston Dec. at ¶ 12.) Defendant paid some contributions after the they were due and has never paid $7,635.40 in contributions. (*Id.* at ¶¶ 13, 15, 18.) In fact, Defendant failed to make contributions timely in approximately 17 months between March 2018 and December 2019 in the grand total amount of $268,471.79. (*Id.* at ¶ 15.) Contributions in the amount of $7,635.40 are still due and owing. (*Id.* at ¶¶ 13, 17, 18.) As a result, Defendant breached the Agreements by paying contributions late or not at all.

### B. *Defendant Contractually Is Obligated to Pay Damages and Interest.*

In the Sixth Circuit, it is well-settled that trust funds may obtain double interest and liquidated damages pursuant to the collective bargaining agreement arising from delinquent contributions. *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.,* 933 F.2d 376, 390 (6th Cir. 1991) ("[A] fund has a valid claim for late payment and/or audit damages pursuant to its collective bargaining agreement with defendants, not covered by section 1132(g)."). When a contractor, such as Defendant, fails to make contributions in a timely manner, the Agreements adopted by Defendant provides for liquidated damages of 10% of the late principal contributions, plus 1% per month on late contributions. (Ex. 1, Gaston Dec. at ¶ 14.) This provision and the penalty imposed has previously been enforced

4

by this Court. *See Bds. of Trs. of Ohio Laborers' Fringe Benefit Programs v. Savcon, Inc.,* No. 2:10-cv-00657, 2011 U.S. Dist. LEXIS 71842, at *11 (S.D. Ohio July 5, 2011). Because Defendant paid contributions late (or never) for hours worked between March 2018 and December 2019, the Plans assessed 10% liquidated damages in the amount of $25,889.06, plus interest in the amount of $5,458.55. (Ex. 1, Gaston Dec. at ¶¶ 17-18.)

### C. ERISA and the Agreements Require Defendant to Pay Attorney's Fees and Court Costs.

Section 514 of ERISA, 29 U.S.C. § 1145 provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Defendant is obligated to make contributions to a multiemployer plan under the terms of the Agreements. As noted above, Defendant was required to make contributions by the 15th day of the month following the month in which employees performed work in covered employment. Defendant failed to make such contributions in a timely manner. When a contractor, such as Defendant, fails to make contributions in a timely manner, the Agreements require Defendant to pay Plaintiffs' reasonable attorney's fees and costs incurred in collections. (Ex. 1, Gaston Dec. at ¶ 14.)

Likewise, Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides, in part, as follows:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,

5

>> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> ***(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and***
>
> (E) such other legal or equitable relief as the court deems appropriate.

(Emphasis added.) The Sixth Circuit has found that reasonable attorney fees are mandatory where there is a judgment in favor of a fiduciary who is enforcing the payment of plan contributions pursuant to a collective bargaining agreement. *See Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392 (6th Cir. 1995); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.,* 933 F.2d 376 (6th Cir. 1991). Accordingly, Defendant is required to pay reasonable attorney's fees and costs pursuant to the Agreements and Section 502(g)(2) of ERISA.

In reviewing the reasonableness of attorney's fees, the Court looks to the number of hours expended on the matter and the reasonableness of the hourly rate. *Grandview Raceway*, 46 F.3d at 1401. Plaintiffs have incurred attorneys' fees in the amount of $3,235.00 to date. (Ex. 2, Hymore Dec. at ¶ 2.) The number of hours worked on this matter–i.e., 13.9 hours–is reasonable. (*Id.* at ¶ 3.) This Court has previously approved the hourly rate of $350.00 per hour for Plaintiffs' counsel. (*Id.* at ¶ 4.) Accordingly, this Court should award

Plaintiffs $3,235.00 in attorney's fees, which is approximately 66% of the lodestar award of $4,865.00 (i.e., 13.9 hours multiplied by $350.00 per hour).  (*Id.* at ¶ 5.)

Finally, the Court should award Plaintiffs their costs in the amount of $427.62—i.e., $400.00 for the filing fee and $27.62 for Secretary of State and certified mail service of the Complaint and Summons under S.D. Ohio Civ. R. 4.2 and Ohio Rev. Code § 1701.07(H).  (*Id.* at ¶ 6.)

### III.  CONCLUSION

For the foregoing reasons, the Court should enter a default judgment in favor of Plaintiffs and against Defendant in the amount of **$42,645.63**—i.e., $7,635.40 in delinquent contributions, $25,889.06 in liquidated damages, $5,458.55 in interest through February 1, 2021, $3,235.00 in attorney's fees, and $427.62 in costs—plus interest from the date of judgment at a rate of 1% as agreed under Article IX of the Agreements.

        Respectfully submitted,

        MANGANO LAW OFFICES CO., LPA

        s/Ryan K. Hymore
        Ryan K. Hymore (0080750)
        3805 Edwards Road, Suite 550
        Cincinnati, Ohio 45209
        T: (513) 255-5888
        F: (216) 397-5845
        rkhymore@bmanganolaw.com

        *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Default Judgment against Defendant was filed electronically on this 25th day of January 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              s/Ryan K. Hymore
                                              Ryan K. Hymore