**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Boards of Trustees of the Ohio Laborers**
**Benefits,**

      **Plaintiff,**                      **Case No. 2:20-cv-2218**

      **v.**
**Freedom Construction Enterprises, Inc.,**      **Judge Michael H. Watson**

      **Defendant.**

## OPINION AND ORDER

Plaintiff moves for default judgment against Freedom Construction

Enterprises, Inc. ("Defendant").  Mot. Default J., ECF No. 15.  Defendant did not

respond to Plaintiff's motion.  For the following reasons, Plaintiff's unopposed

motion is granted.

According to the complaint, Plaintiff is the fiduciary of three employee

benefit plans: the Ohio Laborers' District Council – Ohio Contractors' Association

Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of

Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund, and one labor-

management cooperative trust: the Ohio Laborers' District Council – Ohio

Contractors' Association Cooperation and Education Trust.  The plans are jointly

referred to as the Ohio Laborers Benefits.  The plans are contractually obligated

to collect contributions to the LIUNA Tri-Funds, three national Labor-

Management Cooperative Trusts.

Plaintiff alleges Defendant is an employer with a principal place of business in Muskingum County, Ohio.  By virtue of executing collective bargaining agreements ("CBAs") with Laborers' District Council of Ohio, Defendant was obligated by the CBAs and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all people defined in the CBAs. Defendant failed to make contributions in the amount and manner prescribed in the CBAs and Declarations of Trust.

After Defendant was served with this lawsuit and failed to respond, Plaintiff applied to the Clerk of Courts for an entry of default.  Application, ECF No. 10. The Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on October 16, 2020.  Entry of Default, ECF No. 11.  Plaintiff moved for default judgment on January 15, 2021.  Mot. Default J., ECF No. 15.

Accordingly, Plaintiff's unopposed motion for default judgment is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** against Defendant.

The Court awards $42,645.63.  That amount represents the known unpaid fringe benefit contributions, liquidated damages on the unpaid contributions, and interest on the unpaid contributions from February 1, 2021 onward, pursuant to 29 U.S.C. § 1332(g)(2)(A)–(C), as well as liquidated damages and interest on

contributions made late but prior to this judgment, pursuant to the CBAs.[1]  The award also includes attorneys' fees in the amount of $3,235.00 and $427.62 in costs, in accordance with 29 U.S.C. § 1132(g)(2)(D).  Additionally, the Court awards post judgment interest at a rate of 1% per month.  The Clerk shall therefore enter judgment in the amount of **$42,645.63 plus post judgment interest at the rate of 1% per month** and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Liquidated damages and interest on late payments, as mandated by the operative collective bargaining agreements, are permissible pursuant to *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers*, 933 F.2d 376, 390 (6th Cir. 1991) (finding valid common law claim for late payment damages but cautioning courts to determine whether provisions constitute penalties under common law).  The Court has reviewed the liquidated damages provision in the collective bargaining agreement and finds it is not a penalty as it is tied to administration costs and expenses, and the amount is reasonable.